**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHARLI REYES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA SOLUTIONS, INC.<br><br>Defendant. | **CASE NO. 1:26-cv-6926**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Charli Reyes ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class" or "Class Members"), by and through his undersigned counsel, brings this class action complaint against Defendant Motorola Solutions, Inc. ("Motorola" or "Defendant") and alleges upon personal knowledge as to his own actions and upon information and belief as to all other matters.

## I. INTRODUCTION

1. Motorola sells and operates tracking and surveillance technologies that track regular folks—folks including drivers, students, nurses, employees, and children.[1] Motorola sells its tracking and surveillance technologies to the military, law enforcement, fire departments, educational institutions, manufacturing facilities, and retail facilities.[2]

2. Motorola sells and operates the platform Vigilant VehicleManager,[3] permitting its users, including law enforcement, to "transform license plates into leads with patented, powerful

[1] *About Us*, Motorola Solutions, https://www.motorolasolutions.com/en_us/about.html (last accessed June 10, 2026); *Safety and Security Ecosystem*, Motorola Solutions https://www.motorolasolutions.com/en_xl/video-security-access-control/license-plate-recognition-camera-systems/vigilant-vehiclemanager-lpr-analytics-software.html (last accessed June 10, 2026).

[2] *Motorola Solutions*, Motorola Solutions https://www.motorolasolutions.com/en_us.html (last accessed June 10, 2026).

[3] *Vigilant Vehicle Manager*, Vigilant Solutions https://intl.vigilantsolutions.com/VehicleManager/gui/index.aspx?lang=en-US (last accessed, June 10, 2026).

vehicle location analytics and access to billions of detections beyond your own."[4] It advertises to users that "finding a vehicle of interest is a good start," but that Motorola's surveillance technologies permit its users to go beyond merely finding a vehicle. [5] Users of Motorola's surveillance technologies can "[e]asily search for, find and review the location history of a vehicle of interest and determine where it may be located in the future."[6]

3. Motorola's surveillance apparatus uses License Plate Recognition ("LPR") Systems, technology that tracks people's movements by recognizing license plates and recording vehicles.[7] These LPR Systems sold by Motorola "go beyond basic license plate searches and alerts."[8] Motorola encourages users, including law enforcement and government entities, to "easily share [data] and manage its retention completely on your terms," telling the government that "it's your data – not ours."[9]

4. But that's false. The data collected by Motorola belongs to Plaintiff and Class Members. And Plaintiff and Class Members have a right to keep private any information about their vehicles, movements, and location history.

5. Defendant Motorola violated the rights of Plaintiff and Class Members when it placed its LPR Systems nationwide and around California.

6. Due to Motorola's conduct in installing LPR Systems, Plaintiff and putative Class Members bring forth claims for violations of California's ALPR Law (Cal. Civ. Code § 1798.90.5, *et seq*.), California's Constitutional Right to Privacy (Cal. Const. Art. 1 §1), and California's Unfair Competition Law. Plaintiff and putative Class Members also bring forth claims for common law negligence per se, and unjust enrichment.

---

[4] *VehicleManager*, Motorola Solutions, https://www.motorolasolutions.com/en_xl/video-security-access-control/license-plate-recognition-camera-systems/vigilant-vehiclemanager-lpr-analytics-software.html (last accessed, June 10, 2026).
[5] *Id.*
[6] *Id.*
[7] *License Plate Recognition Systems*, Motorola Solutions, https://www.motorolasolutions.com/en_us/video-security-access-control/license-plate-recognition-camera-systems.html (last accessed June 10, 2026).
[8] *Id.*
[9] *Id.*

## II. THE PARTIES

***Plaintiff Charli Reyes***

7. Plaintiff Charli Reyes resides in Merced, California. He is a former student of UC Merced and attended the university from 2019 to 2023, the year that he graduated.

8. The LPR Systems placed nationwide and around California include LPR Systems placed at UC Merced. At least four LPR Systems were placed at the entrances of UC Merced and one LPR in the UC Merced parking lot, guaranteeing that anyone who drives onto campus is registered and tracked.[10] Students' movements were registered, tracked, and shared with federal agencies.[11]

9. From 2021-2023, Mr. Reyes lived on the UC Merced campus and parked in the campus parking lot. He purchased a parking pass during those years. After he graduated from UC Merced, Mr. Reyes continued to park in the campus parking lot around 6 times per year for alumni events and to reunite with friends. For those visits, Mr. Reyes purchased a day pass to park on campus. Mr. Reyes was not informed that his vehicle was being tracked by Motorola LPR Systems at any time and did not consent to such tracking at any time.

10. Mr. Reyes reasonably expected that his location and movements would not be tracked when he was seeking a degree and visiting UC Merced. Motorola's LPR Systems installations defied his expectations and violated his privacy.

***Defendant Motorola***

11. Defendant Motorola Solutions, Inc. is a corporation headquartered in Chicago, Illinois that sells tracking and surveillance technologies to various government entities, businesses, and institutions.

## III. JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because the proposed class has more than

[10] Julietta Bisharyan and Aysha Pettigrew, *Records show UC Merced police are sharing license plate data with Border Patrol,* Merced Sun-Star (April 23, 2026), https://www.mercedsunstar.com/news/local/education/uc-merced/article315497840.html#storylink=cpy

[11] *Id.*

100 members, the class contains at least one member of diverse citizenship from Defendants, and the amount in controversy exceeds $5 million.

13. The Court has personal jurisdiction over Defendant because Defendant is headquartered in Illinois. Defendant has conducted substantial business in Illinois and in this District. Defendant is registered with the Illinois Secretary of State.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because it is the district within which Defendant is headquartered. Defendant has significant contacts with this district.

## IV. <u>STATEMENT OF FACTS</u>

15. Unbeknownst Plaintiff and the Class, Motorola installed its LPR Systems nationwide and throughout California. In doing so, Motorola subjects Plaintiff and putative Class Members to pervasive surveillance each time they visit a location that installed LPR Systems.

16. On information and belief, Motorola LPR Systems capture real-time and historical information about a vehicle's geographical location, movements, operational status, driver(s), and passenger(s) ("Vehicle Tracking Data"). Motorola LPR Systems capture and transmit images and videos of vehicles, and the drivers and passengers of vehicles, to law enforcement. Motorola then generates data associated with the vehicles, including records of the movements of individuals. Motorola records this information within its vast vehicle-surveillance database, Vigilant VehicleManager, that law enforcement and corporate security teams[12] can access. Motorola analyses this information to predict the future movements of individuals.[13]

17. On information and belief, Motorola benefits from installing its LPR Systems. Motorola profits from selling its surveillance and tracking products to various government and educational institutions, as well as businesses.

---

[12] *License Plate Recognition Systems*, Motorola Solutions, https://www.motorolasolutions.com/en_us/video-security-access-control/license-plate-recognition-camera-systems.html (last accessed June 10, 2026); *About Us*, Motorola Solutions, https://www.motorolasolutions.com/en_us/about.html (last accessed June 10, 2026); *Safety and Security Ecosystem*, Motorola Solutions https://www.motorolasolutions.com/en_xl/video-security-access-control/license-plate-recognition-camera-systems/vigilant-vehiclemanager-lpr-analytics-software.html (last accessed June 10, 2026).

[13] *Id.*

18. On information and belief, Motorola does not notify Plaintiff and Class Members that the LPR Systems it places in different locations nationwide and in California record and surveil Plaintiff and Class Members. Motorola does not notify Plaintiff and Class Members that its LPR Systems subject them to vehicle recordings, identification, location tracking, predictions and analyses of their movements, and other types of surveillance by law enforcement and corporations.

19. Plaintiff and Class Members never consented to being recorded, identified, tracked, analyzed, and surveilled by Motorola LPR Systems or its customers, partners, and associates.

20. Plaintiff and Class Members were unaware that Motorola was recording their Vehicle Tracking Data and could not consent to Motorola employing LPR Systems to capture their data.

21. Plaintiff and Class Members had a reasonable expectation that their vehicles, movements, and likenesses would not be recorded, tracked, and surveilled.

22. According to a poll by the Pew Research Center, 93% of adults believe that being in control of who can get information about them is important, and 90% believe that controlling what information is collected about them is important.[14] Additionally, Americans say they do not approve of observation without consent: 88% say it is important that they not have someone watch or listen to them without their permission.[15]

23. Invasion of privacy has been recognized as an important public policy matter in California. California amended its constitution in 1972 to specifically enumerate a right to privacy in its very first section. *See* Cal. Const. Art. I, § 1.

24. LPR Systems allow law enforcement to observe Californians and quell First Amendment rights, target people with discriminatory searches, and track women accessing reproductive treatment.[16]

---

[14] Mary Madden and Lee Rainie, *Americans' Attitudes About Privacy, Security and Surveillance,* PEW RESEARCH CENTER (May 20, 2015), *available at* https://www.pewresearch.org/internet/2015/05/20/americans-attitudes-about-privacy-security-and-surveillance/.

[15] *Id.*

[16] Sarah Hamid, *EFF's Investigations Expose Flock Safety's Surveillance Abuses: 2025 in Review*, EFF (December 30, 2025), https://www.eff.org/deeplinks/2025/12/effs-investigations-expose-flock-safetys-surveillance-abuses-2025-review.

25. The Northern California Regional Intelligence Center noted that LPR Systems could be used to conduct "searches of full plates, with full color pictures of identified vehicles."[17] Images taken by LPR Systems may convey more information than license plate numbers, they could be used to identify individuals.[18] Information tracked by LPR Systems may convey to law enforcement and corporations an individual's "personal relationships, marital fidelity, religious observance, and political activities."[19]

26. Such information is exactly the type that Plaintiff and Class Members reasonably wish to keep private.

27. Motorola installed LPR Systems nationwide and in California without the knowledge or consent of Plaintiff and putative Class Members. Motorola did not notify Plaintiff and putative Class Members that it was collecting Vehicle Tracking Data. Plaintiff and Class Members could not reasonably discover Motorola's installation of LPR Systems at the places they visited.

28. Plaintiff and Class Members reasonably expected that their location and movements would not be tracked by Motorola LPR Systems without their knowledge and consent. Motorola's installations of LPR Systems nationwide and in California defied their expectations and violated their privacy.

## V. CLASS ALLEGATIONS

29. Plaintiff brings this class action, pursuant to Fed. R. Civ. P. 23., individually and on behalf of all members of the following class, which is referred to throughout this Complaint as the "Class":

**Nationwide Class**

All persons in the United States whose Vehicle Tracking Data was tracked by Motorola using LPR Systems cameras.

---

[17] *Initial Privacy Impact Assessment for Automated License Plate Reader Technology*, Northern California Regional Intelligence Center, https://ncric.org/html/NCRIC%20ALPR%20PIA.PDF (last accessed May 27, 2026).

[18] *Id.*

[19] *Id.*

**California Subclass**

All persons in the State of California whose Vehicle Tracking Data was tracked by Motorola using LPR Systems cameras.

30. The above defined classes are collectively referred to as the "Class." Plaintiff reserves the right to re-define the Class prior to class certification. Plaintiff reserves the right to modify these class definitions as discovery in this action progresses.

31. Excluded from the Class are Defendant and its affiliates, officers, directors, assigns, successors, and the Judge(s) assigned to this case.

32. **Numerosity**: While the precise number of class members has not yet been determined, members of the Classes are so numerous that their individual joinder is impracticable, as the proposed Classes appear to include many thousands of members who are geographically dispersed.

33. **Typicality**: Plaintiff's claims are typical of Class Members' claims. Plaintiff and all Class Members were injured through Defendant's alleged uniform misconduct, and Plaintiff's claims are based on the same legal theories as the claims of the Class Members he seeks to represent. Accordingly, Plaintiff's claims are typical of Class Members' claims.

34. **Adequacy**: Plaintiff's interests are aligned with the Class he seeks to represent. Plaintiff has retained counsel with significant experience prosecuting complex class action cases, including cases involving alleged privacy and data security violations. Plaintiff and his counsel intend to prosecute this action vigorously. The Class's interests are well-represented by Plaintiff and undersigned counsel.

35. **Superiority**: A class action is the superior—and only realistic—mechanism to fairly and efficiently adjudicate Plaintiff's and other Class Members' claims. The injury suffered by each individual Class Member is relatively small in comparison to the burden and expense of individual prosecution of complex and expensive litigation. It would be very difficult, if not impossible, for Class Members individually to effectively redress Defendant's alleged wrongdoing. Even if Class Members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation

increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

36. **Commonality and Predominance**: The following questions are common to all Class Members and predominate over any questions affecting only individual Class Members:

i. Whether Motorola installed LPR Systems in California

ii. Whether Motorola's LPR Systems tracked the Vehicle Tracking Data of Plaintiff and Class Members

iii. Whether Plaintiff and Class Members consented to being tracked by LPR Systems

iv. Whether Motorola owed duties to Plaintiff and Class Members to not gather Vehicle Tracking Information without the consent of Plaintiff and Class Members

v. Whether Vehicle Tracking Information was shared with law enforcement, corporations, and educational institutions

vi. Whether Motorola breached its duty to protect the information of Plaintiff and Class Members

vii. Whether Motorola's conduct violated the ALPR Privacy Act

viii. Whether Motorola's conduct violated state law

ix. Whether Motorola harmed Plaintiff and Class Members

x. Whether Motorola is subject to punitive damages

xi. Whether an injunction should issue; and

xii. Whether declaratory relief should be granted.

b. Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class Members did not consent to their Vehicle Tracking Data being tracked or recorded by Motorola LPR Systems. Despite their lack of knowledge and withholding of consent, Plaintiff and Class Members nonetheless had their Vehicle Tracking Data recorded by Motorola and third parties.

Plaintiff and Class Members did not consent to Motorola's recording of their Vehicle Tracking Data, which forms the basis for this suit.

c. Moreover, like all Class Members, Plaintiff suffered a substantial risk of repeated injury in the future. Plaintiff continues to visit UC Merced. Motorola has shown deliberate indifference to Plaintiff's and Class Members' desire to keep private their Vehicle Tracking Data and indeed taken pains to mislead Plaintiff (and all Class Members) and to conduct its business contrary to their privacy rights by, for example, not notifying Plaintiff and Class Members that it installed its LPR Systems in the places that Plaintiff and Class Members have visited. Motorola's deceptive and deliberate actions have thwarted and continue to threaten Plaintiff's (and Class Members') ability to exercise control over their own privacy. Because the conduct complained of herein is systemic, Plaintiff and Class Members face substantial risk of the same injury in the future. Motorola's conduct is common to all Class Members and represents a common pattern of conduct resulting in injury to all Class Members. Plaintiff has suffered the harm alleged and has no interests antagonistic to any other Class Member.

d. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class Members. Furthermore, Plaintiff has retained competent counsel experienced in class action litigation, consumer protection litigation, and electronic privacy litigation. Plaintiff's counsel will fairly and adequately protect and represent the interests of the Class.

e. Motorola acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and corresponding declaratory relief each appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Motorola.

f. Injunctive relief is necessary to prevent further unlawful and unfair conduct by Motorola. Money damages, alone, could not afford adequate and complete relief, and injunctive relief is necessary to restrain Motorola from continuing to commit its illegal and unfair violations of privacy.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATION OF CALIFORNIA'S ALPR PRIVACY ACT,
### Cal. Civ. Code § 1798.90.5, *et seq*.
### (On behalf of Plaintiff and the California Subclass)

37. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

38. "Automated license plate recognition system" or "ALPR system" is defined as "a searchable computerized database resulting from the operation of one or more mobile or fixed cameras combined with computer algorithms to read and convert images of registration plates and the characters they contain into computer-readable data."

39. Motorola's LPR Systems falls under this definition because its systems use cameras to track vehicle information such as license plates.

40. "Automated license plate recognition operator" or "ALPR operator" is defined as "a person that operates an ALPR system."

41. "Automated license plate recognition end-user" or "ALPR end-user" is defined as "a person that accesses or uses an ALPR system."

42. Motorola operates LPR Systems that capture Vehicle Tracking Data. LPR Systems operating at different locations nationwide capture photographs of visitors and the vehicles of visitors. The LPR Systems capture visitors' license information, location, vehicles, and likenesses.

43. On information and belief, Motorola uses the Vehicle Tracking Data captured by LPR Systems to generate revenue by selling its products and services to government and educational institutions, as well as businesses.

44. Motorola is thus both an ALPR operator and an ALPR end-user within the definition of the statute, and as such, Motorola is legally required to implement a usage and privacy policy, available to the public in writing and on Motorola's website, that is consistent with respect for individuals' privacy and civil liberties.

45. By law, Motorola's usage and privacy policy should, at a minimum, include:

(A) The authorized purposes for using the ALPR system and collecting ALPR information.

(B) A description of the job title or other designation of the employees and independent contractors who are authorized to use or access the ALPR system, or to collect ALPR information. The policy shall identify the training requirements necessary for those authorized employees and independent contractors.

(C) A description of how the ALPR system will be monitored to ensure the security of the information and compliance with applicable privacy laws.

(D) The purposes of, process for, and restrictions on, the sale, sharing, or transfer of ALPR information to other persons.

(E) The title of the official custodian, or owner, of the ALPR system responsible for implementing this section.

(F) A description of the reasonable measures that will be used to ensure the accuracy of ALPR information and correct data errors.

(G) The length of time ALPR information will be retained, and the process the ALPR operator will utilize to determine if and when to destroy retained ALPR information.

46. Motorola has not implemented a usage and privacy policy that comports with the law.

47. As a result, Plaintiff and Class Members seek actual or liquidated damages of not less than $2,500 per violation, punitive damages, and any other preliminary and equitable relief the Court deems appropriate.

**COUNT II**
**NEGLIGENCE *PER SE***
**(On behalf of Plaintiff and the Nationwide Class, or alternatively, the California Subclass)**

48. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

49. According to California's ALPR Privacy Act, Motorola owes Plaintiff and Class Members a duty to prevent unauthorized access, use, maintenance, sharing, and dissemination of Vehicle Tracking Data that belong to Plaintiff and Class Members.

50. Motorola breached that duty by installing LPR Systems at physical locations in California, and allowing corporations, educational institutions, and law enforcement to track Plaintiff and Class Members through Vehicle Tracking Data.

51. The law contemplates protecting Plaintiff and Class Members. Cal. Civ. Code § 1798.90.54 provides Plaintiff and Class Members an individual right of action for violations of the ALPR Privacy Act.

52. Plaintiff and Class Members have been injured by Motorola because their Vehicle Tracking Data has been shared with law enforcement and unauthorized third parties. Such sharing is highly offensive to a reasonable person.

53. As a direct and proximate cause of Motorola's conduct, Plaintiff and Class Members have been damaged because their Vehicle Tracking Data has been improperly shared without their consent.

54. Motorola cannot justify its conduct in violating the privacy of Plaintiff and Class Members.

55. Plaintiff and Class Members seek actual and compensatory damages, punitive damages, and all other relief to which they are entitled.

## Count III
## California Constitutional Right to Privacy, Cal. Const. Art. I, § 1
## (On behalf of Plaintiff and the California Subclass)

56. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

57. Plaintiff and Class Members have reasonable expectations of privacy in their Vehicle Tracking Data. Plaintiff's and Class Members' private affairs include their location, their movements, their likenesses, and other personal information related to their vehicle.

58. Plaintiff and Class Members had reasonable expectations that Defendant not engage in systematic and continuous tracking of their location, their movements, their likenesses, and other personal information related to their vehicle(s).

59. Motorola intentionally intruded on and into Plaintiff's and Class Members' solitude, seclusion, right of privacy, or private affairs by intentionally recording, tracking, and analyzing Vehicle Tracking Data.

60. These intrusions are highly offensive to a reasonable person. Recordings and histories of movement, location, and likeness are reasonably considered private information.

61. Motorola engaged in tracking and permitted third parties to track Vehicle Tracking Information deceptively and without the informed consent of Plaintiff and Class Members.

62. Plaintiff and Class Members were harmed by the intrusion into their private affairs as detailed throughout this Complaint.

63. Motorola's actions and conduct complained of herein were a substantial factor in causing the harm suffered by Plaintiff and Class Members.

64. As a result of Motorola's actions, Plaintiff and Class Members seek damages, punitive damages in an amount to be determined at trial, injunctive relief, and all other relief to which they are entitled.

65. Plaintiff and Class Members seek punitive damages because Motorola's actions—which were malicious, oppressive, and willful—were calculated to injure Plaintiff and Class Members and made in conscious disregard of Plaintiff's and Class Members' privacy rights. Punitive damages are warranted to deter Motorola from engaging in future misconduct.

## Count IV
## Intrusion Upon Seclusion
## (On behalf of Plaintiff and the Nationwide Class, or alternatively, the California Subclass)

66. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

67. Plaintiff and Class Members have reasonable expectations of privacy in their Vehicle Tracking Data. Plaintiff's and Class Members' private affairs include their location, their movements, their likenesses, and other personal information related to their vehicle.

68. Plaintiff and Class Members had reasonable expectations that Defendant not engage in systematic and continuous tracking of their location, their movements, their likenesses, and other personal information related to their vehicle(s).

69. Motorola intentionally intruded on and into Plaintiff's and Class Members' solitude, seclusion, right of privacy, or private affairs by intentionally recording, tracking, and analyzing Vehicle Tracking Data.

70. These intrusions are highly offensive to a reasonable person. Recordings and histories of movement, location, and likeness are reasonably considered private information.

71. Motorola engaged in conduct highly offensive to the reasonable person by tracking and permitting third parties to track Vehicle Tracking Information deceptively and without the informed consent of Plaintiff and Class Members.

72. Plaintiff and Class Members were harmed by the intrusion into their private affairs as detailed throughout this Complaint.

73. Motorola's actions and conduct complained of herein were a substantial factor in causing the harm suffered by Plaintiff and Class Members.

74. As a result of Motorola's actions, Plaintiff and Class Members seek damages, punitive damages in an amount to be determined at trial, injunctive relief, and all other relief to which they are entitled.

75. Plaintiff and Class Members seek punitive damages because Motorola's actions—which were malicious, oppressive, and willful—were calculated to injure Plaintiff and Class Members and made in conscious disregard of Plaintiff's and Class Members' privacy rights. Punitive damages are warranted to deter Motorola from engaging in future misconduct.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Motorola and that the Court grant the following:

A. Certify this case as a class action pursuant to Fed. R. Civ. P. 23, and appoint Plaintiff as the class representative and undersigned counsel as class counsel;

B. Judgment against Motorola for Plaintiff's and Class Members' asserted causes of action;

C. Appropriate declaratory relief against Motorola;

D. Injunctive relief in the form of, *inter alia*, an order enjoining Motorola from continuing its practice of accessing, using, and/or storing, and allowing third parties to access, use, and/or store Plaintiff's and Class Members' Vehicle Tracking Data without their knowledge or consent;

E. Injunctive relief in the form of, *inter alia*, an order enjoining Motorola from continuing its practice of tracking, recording, and using Plaintiff's and Class Members' Vehicle Tracking Data without their knowledge or consent;

F. An order awarding Plaintiff and the Class Members damages, special damages, general damages, and restitution;

G. An order requiring Motorola to pay statutory damages;

H. An order requiring Motorola to pay punitive damages and exemplary damages;

I. An order requiring Motorola to pay pre-judgment and post-judgment interest;

J. Reasonable attorney's fees and costs reasonably incurred; and

K. Any and all other and further relief to which Plaintiff and the Class may be entitled.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: June 11, 2026

Respectfully Submitted,

*/s/ Brian Devall*
Brian Devall (SBN 6352915)
bdevall@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone: 626.380.2664

Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone: 310.474.9111
Facsimile: 310.474.8585

Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**

521 Fifth Avenue, 17th Floor
New York, NY 10175
Telephone: 917.336.0171
Facsimile: 917.336.0177

*Counsel for Plaintiff and the Proposed Class*